UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:11-CV-00207-JHM

ROXANN PIXLER                                                                                          PLAINTIFF

V.

ANTHONY HUFF, et. al.                                                                             DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Cross-Claim Plaintiff Danny Pixler for leave to amend cross complaint [DN 105]; on motions by Cross-Claim Defendants Brian Sly; Sheri Huff; Michele Brown; Anthony Russo; River Falls Investments, LLC; Oxygen Unlimited, LLC; River Falls Equities, LLC; SDH Realty, Inc.; The Huff Grandchildrens Trust; Huff Farm (Horsebranch), Inc.; Kentucky Truss Corp.; Mid-Town Auto, Inc.; HTC, Inc.; Aviation Solutions, LLC; River Falls Holdings, LLC; and Anthony Huff (collectively "Cross Claim Defendants") to dismiss the cross claim for failure to state a claim [DN 88, DN 90, DN 96]; and on a motion by Cross-Claim Plaintiff Danny Pixler to disqualify [DN 111]. Fully briefed, these matters are ripe for decision.

I. BACKGROUND

This case centers around the creation and operation of Midwest Merger Management, LLC ("MMM"). In 2001, Plaintiff Roxann Pixler's (Roxann) husband, Danny Pixler ("Danny"), and Anthony Huff ("Anthony") formed MMM. Danny and Anthony placed their shares in the company in their respective wives' names, making Roxann and Sheri Huff ("Sheri") the only members of the LLC, with each holding a 50% interest. On July 20, 2001, MMM filed its Articles of Organization, which listed two members, Roxann and Sheri. In its 2002 annual report filed with the Kentucky Secretary of State, MMM listed an additional member and/or manager, Michele Brown. In 2006,

Anthony Russo became a manager of MMM, and at some point, Brian Sly also served as either a manager and/or employee of MMM.

MMM was established as a "risk manager." In this line of work, MMM would collect premiums and fees from clients and would in turn pay premiums to insurance carriers that provided workers' compensation insurance coverage. In 2001, MMM acquired Certified Services, Inc., ("Certified") which itself acquired several subsidiaries. Anthony and Danny ran all of these companies, along with several other Kentucky LLCs, using the same working capital and regularly commingling funds. These entities were used to funnel money from MMM for the personal benefit of Anthony, Sheri, Danny, Brown, Russo, Sly and others.

On May 12, 2005, the scheme began to unravel as Certified filed for Chapter 11 bankruptcy. In 2006, Danny and Anthony told Roxann that MMM had no value, but that Anthony would still buy-out Roxann's share in the company. Roxann then accepted $170,000 from Anthony for her interest in MMM. At this point, and potentially even earlier, MMM, Certified, Anthony, and many of the other individual Defendants were engulfed in litigation. See, e.g., S.E.C. v. Huff, 758 F. Supp. 2d 1288 (S.D. Fl. 2010). In 2007, after she had sold her interest, Roxann requested a copy of MMM's financial records from Brown, but was told that they were currently unavailable because they were being audited. In 2008, Roxann obtained a copy of MMM's financials and discovered a litany of accounting discrepancies demonstrating how the Defendants had used MMM to misappropriate its assets for their own personal gain.

Roxann filed suit against Defendants in April of 2011 claiming that Defendants defrauded

her out of her contractual right to share in the profits and financial gain of MMM.[1] The Court dismissed several of Roxann's claims and, as a result, several Defendants, in a Memorandum Opinion Order dated July 31, 2012. In August of 2012, Defendant Danny first made an appearance in the litigation by answering Plaintiff's Second Amended Complaint and filing his cross complaint pro se [DN 87].

### III. DISCUSSION

**A. Motion To Amend Cross Complaint and Third Party Complaint**

Danny initially filed his cross complaint in his answer to Plaintiff's Second Amended Complaint on August 24, 2012 [DN 87]. On September 11, 2012, he filed his First Amended Cross Complaint as to Accredited Investor Resources, LLC f/k/a Oxygen Investment Partners, LLC, Brian Sly and Anthony Huff. Cross-claim Defendants have filed motions to dismiss the Complaint and Amended Complaint under Fed. R. Civ. P. 8 because it lacks a short and plain statement of the claims, because the cross complaint alleges fraud but fails to satisfy the requirements of Fed. R. Civ. P. 9(b), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Subsequently, Danny has filed a motion for leave to amend his complaint a second time [DN 105]. Cross-claim Defendants did not file responses to the motion to amend.

---

[1] The Court notes that in separate litigation, where Roxann was a relief defendant, the Securities Exchange Commission requested that Plaintiff be disgorged of any illegally obtained profits received from MMM. The Southern District of Florida found that because Roxann Pixler only received one $60,000 distribution from MMM and she "paid the money she received from Midwest to the federal government in taxes without enjoying a corresponding income or other benefit from Midwest, the Court concludes that disgorgement is not appropriate." Huff, 758 F. Supp. 2d at 1362. To the extent Plaintiff now claims that she was entitled to additional distributions, the Court is unsure that she would be entitled to keep any award representing lost profits or distributions from MMM. However, as this is only a motion to dismiss, the Court reserves this issue for another day.

Fed. R. Civ .P. 15(a) states that "A party may amend its pleading once as a matter of course ... In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." The determination of whether the circumstances of a case are such that justice would require the allowance of an amendment is committed to the sound discretion of the district court. Hayden v. Ford Motor Co., 497 F.2d 1292, 1294 (6th Cir.1974). A trial court may consider a number of factors in making this determination, including undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice, futility of the amendment, or the repeated failure to cure deficiencies by amendments previously allowed. Foman v. Davis, 371 U.S. 178, 182 (1962). In the absence of any of these factors, a plaintiff should be afforded the opportunity to amend her complaint. Id.

Cross-claim Defendants have not objected to the motion for leave to amend the cross complaint and the Court does not find any undue prejudice in allowing the amendment. No Cross-claim Defendant or Third Party Defendant has filed an answer and the Second Amended Complaint attempts to cure deficiencies in Danny's Complaint and Amended Complaint. Additionally, the Court notes that Danny is filing his motions pro se. Therefore, the Court **GRANTS** Cross-claim Plaintiff and Third Party Plaintiff, Danny Pixler's motion for leave to amend his complaint. [DN 105]. As a result of the Second Amended Complaint, the Court **DENIES** the Cross-claim Defendants' motions to dismiss [DN 88, DN 90, DN 96] with leave to refile in response to the Second Amended Complaint.

Danny also filed a motion to add Midwest Merger Management, LLC and Thomas Bean as Third Party Defendants. The Court has just granted Danny's motion to amend his cross complaint and third-party complaint, which includes allegations against Midwest Merger Management, LLC

4

and Thomas Bean. Therefore, Danny Pixler's motion to add third party defendants is **GRANTED** [DN 107].

### B. Motion to Disqualify Judson Wagenseller as Cross Defendant's Attorney of Record

Cross-claim Plaintiff and Third Party Plaintiff Danny filed a motion to disqualify Judson Wagenseller as the Cross-claim Defendants' attorney [DN 111][2]. In support of his motion, Danny states that Judson Wagenseller will most likely be called as a witness in this matter and has an irreconcilable conflict of interest which would prevent him from representing the Cross Defendants. Additionally, Danny argues that Judson Wagenseller represented Danny's interest in connection with several matters alleged in the Second Amended Cross Complaint and obtained confidential information. (Mot. to Disqualify [DN 111].) In his reply, Danny alleges that Wagenseller has made false statements in Corporate Disclosure statements and in a motion to dismiss. He also states that there is a conflict of interest due to Wagenseller acting as the incorporator, registered agent and keeper of the books for many of the defendant entities.

In response, Wagenseller acknowledges Rule 3.7 of the Kentucky Rules of Professional Conduct which prohibits counsel from acting as an advocate at trial in which he is likely to be a witness with certain exceptions. However, Wagenseller states "that a party's right to choice of counsel must be weighed against the unfair prejudice created when that attorney testifies." (Resp. Mot. to Disqualify 2 [DN 115] (citing Zuirch Insurance Company v. Knotts, 52 S.W.3d 555, 558 (Ky. 2001)).) Wagenseller argues that Danny's claims are not likely to proceed to trial, but if they do, Wagenseller may disqualify himself at that time. Additionally, Wagenseller argues that Danny has failed to identify any matter or confidential information relevant to the claims that would

---

[2] Judson Wagenseller has also been named a third party defendant.

disadvantage Danny.

"[F]ederal courts have a duty and responsibility to supervise the conduct of attorneys who appear before them and to take measures against unethical conduct occurring before them." Bartech Indsutries, Inc. V. International Bakin Co., Inc., 910 F.Supp. 388, 392 (E.D. Tenn. Jan. 8, 1996) (citation omitted). "Courts must also guard against such motions being used to secure a tactical advantage in the proceedings." Id. While the Western District of Kentucky has not "expressly adopted any professional standards to govern the conduct of attorneys, "it has been guided by SCR 3.130 Kentucky Rules of Professional Conduct. Kittel v. C-Plant Federal Credit Union, 2010 WL 292689 *1 (W.D. Ky. Jan. 20, 2010).

The Sixth Circuit has laid out a three part test for disqualification: "(1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification." Dana Corp. v. Blue Cross & Blue Shield Mut. of Northern Ohio, 900 F.2d 882, 889 (6th Cir. 1990). In a motion to disqualify, the movant has the burden of proof. Bartech, 910 F.Supp. at 392. While Danny states in his Complaint that Wagenseller has acted as in-house counsel for various entities including MMM, Danny never explicitly states that he and Wagenseller were in an attorney-client relationship. In his motion, Danny alleges that Wagenseller represented his interests in connection with several of the matters. However, under the Kentucky Professional Rules of Conduct, a lawyer employed by an organization represents the organization and may only represent directors, officers, employees, members, shareholder or other constituents if there is no conflict of interest. SCR 3.130(1.13). As Wagenseller is listed as counsel for several entities, it is unclear whether Wagenseller was

representing Danny's personal interests or the interests of the various entities Danny may have been involved in. Danny has provided no evidence that he and Wagenseller ever entered into an attorney-client relationship apart from Wagenseller's representation of several entities of which Danny was involved. Therefore, he failed to satisfy the first prong of the three pronged test. For the sake of thoroughness, even assuming that Danny could satisfy the second prong of the test by showing evidence that the subject matter of the relationship is closely related, he would fail to satisfy the third prong. The third prong requires proof that Wagenseller acquired confidential information from Danny. Danny has only made broad allegations about conflicts of interests without providing any evidence that Wagenseller has confidential information directly relating to Danny as opposed to information Wagenseller obtained as counsel for the various entities. The burden is on Danny to demonstrate that the attorney should be disqualified, and he has failed to satisfy that burden.

"[T]he ability to deny one's opponent the services of capable counsel, is a potent weapon." Manning v. Waring, Cox, James, Sklar and Allen, 849 F.2d 222, 224 (6th Cir. 1988). The Court notes that allegations made in Danny's reply and in the Second Amended Complaint appear to be suggesting that Wagenseller violated rule of ethics. The Kentucky Professional Rules of Conduct state in the preamble that:

> Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. In addition, violation of a Rule does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in a pending litigation ... [T]he purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule.

SCR 3.130 Kentucky Rules of Professional Conduct, Preamble, ¶ XXI. With that in mind, and the

fact that Danny has not proved that he was in an attorney-client relationship with Wagenseller, the Court **DENIES** Danny's motion to disqualify Judson Wagenseller with leave to re-file once more discovery is completed.  Third Party Defendant Judson Wagenseller's Motion to Strike Defendant Danny Pixler's Reply is **DENIED** as moot.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Cross-Claim Plaintiff Danny Pixler's motion for leave to amend cross complaint [DN 105] is **GRANTED**.  Cross-Claim Defendants Brian Sly; Sheri Huff; Michele Brown; Anthony Russo; River Falls Investments, LLC; Oxygen Unlimited, LLC; River Falls Equities, LLC; SDH Realty, Inc.; The Huff Grandchildrens Trust; Huff Farm (Horsebranch), Inc.; Kentucky Truss Corp.; Mid-Town Auto, Inc.; HTC, Inc.; Aviation Solutions, LLC; River Falls Holdings, LLC; and Anthony Huff's motions to dismiss for failure to state a claim [DN 88, DN 90, DN 96] are **DENIED** with leave to refile.

**IT IS FURTHER ORDERED** that Cross-Claim Plaintiff Danny Pixler's Motion to Disqualify [DN 111] is **DENIED** and Third Party Defendant Judson Wagenseller's Motion to Strike [DN 124] is **DENIED** as moot.

cc: counsel of record