UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:11-CV-00207-JHM

ROXANN PIXLER                                                                                           PLAINTIFF

V.

ANTHONY HUFF, et. al.                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Anthony Huff, Sheri Huff, Michele Brown and Anthony Russo's Motion for Summary Judgment and Motion to Dismiss for Lack of Subject Matter Jurisdiction [DN 147]. Fully briefed, these matters are ripe for decision.

### I. BACKGROUND

Reference is made to the many memorandum opinions which have previously been entered which recite the background facts of this case. This opinion involves a challenge to the Court's subject matter jurisdiction based on a lack of diversity and what actions may be taken, if any, for the Court to retain jurisdiction of the case.

### II. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

A federal district court has original diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the suit is between "citizens of different States." 28 U.S.C. § 1332(a). "It is axiomatic that there must be complete diversity between the parties of an action to support diversity jurisdiction." United States Fidelity and Guar. Co. v. Thomas Solvent Co., 955 F.2d 1085, 1089 (6th Cir. 1992) (citing Smith v. Sperling, 354 U.S. 91 (1957)). Complete diversity exists when "all of [the parties] on one side of the controversy are citizens of different states from all parties on the other side." City of Indianapolis

v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941).

The Second Amended Complaint alleges that Plaintiff "is a natural person residing in Tennessee" and "Defendant Danny Pixler is a citizen of the Commonwealth of Kentucky and resides at Ashland FCI, P.O. Box 6001, Ashland, Kentucky. [sic] 41105." (Second Am. Compl., ¶¶ 2, 7 [DN 52].) However, Defendants argue that Defendant Danny Pixler is actually a citizen of Tennessee, not Kentucky, destroying diversity. Defendants assert that Defendant Danny Pixler moved to Tennessee permanently in the summer of 2006, his federal tax returns from 2006 forward show a home address in Gatlinburg, Tennessee, he filed Tennessee state tax returns in 2009 and 2010, and, after incarceration, Defendant Danny Pixler intends to go work for his son's janitorial business in Gatlinburg, Tennessee. (Defs.' Mot. for Summ. J., 17 [DN 147] (citing Deposition of Danny Pixler [DN 147-7]; Relevant Tax Returns [DN 147-13, DN 147-14]).) Defendants reason that the case must be dismissed for lack of subject matter jurisdiction.

"State citizenship for the purpose of the diversity requirement is equated with domicile." Von Dunser v. Aronoff, 915 F.2d 1071, 1072 (6th Cir. 1990) "A person's previous domicile is not lost until a new one is acquired. Establishment of a new domicile is determined by two factors: residence in the new domicile, and the intention to remain there." Id. (Internal citations omitted). As the evidence suggests that Danny Pixler does not intend to remain in Kentucky after his incarceration, and Plaintiff has not offered any evidence otherwise, the Court finds that he is a citizen of Tennessee. Plaintiff does not dispute that Defendant Danny Pixler is a citizen of Tennessee. She states, however, that she has moved to dismiss her claims against Danny Pixler and, if granted, the motion to dismiss will be moot.

Subject matter jurisdiction depends on the state of things at the time the action is brought and at that time, there was a lack of diversity. However, there is an exception to the time-of-filing rule.

Courts have authority to cure jurisdictional defects by dismissing a dispensable nondiverse party under Fed. R. Civ. P. 21. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 573 (2004). Rule 21 provides that "[m]isjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Under Rule 21, the district court has the discretion to retain its diversity jurisdiction by dropping the non-diverse party, "if that party's presence in the action is not requred under Federal Rule of Civil Procedure 19, that is, the party to be dropped must not be a necessary party." Soberay mach. & Equipment Co. v. MRF Ltd., Inc., 181 F.3d 759, 763 (6th Cir. 1999) (quoting Safeco Ins. Co. Of America v. City of White House, Tenn., 36 F.3d 540, 546 (6th Cir. 1994)). Therefore, the Court can restore diversity by dismissing Danny Pixler pursuant to Rule 21 provided he is not and indispensable party.

In order to determine if a party is dispensable, the Court must follow a two step process. First, the Court must decide whether the party qualifies as "necessary" pursuant to Rule 19(a). A party is "necessary" where he "is 'needed for just adjudication' ... if: (1) complete relief cannot be given to existing parties in his absence; (2) disposition in his absence may impair his ability to protect his interest in the controversy; or, (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." Safeco Ins. Co., 36 F.3d at 546 (citing Fed. R. Civ. P. 19(a)(1), (2)(i)-(ii)). Second, if the party qualifies as "necessary," the Court must then determine his dispensibility: "A person or entity 'is only indispensable, within the meaning of Rule 19, if (1) it is necessary, (2) if joinder of the necessary person or entity will deprive the court of subject matter jurisdiction, and (3) the court determines that it will dismiss the pending case rather than proceed in the case without the absentee.'" Glancy v. Taubman Centers, Inc., 373 F.3d 656, 666 (6th Cir. 2004) (quoting 4 Moore's Federal Practice § 19.02[3][c], at 19-22). Rule 19(b) states four factors

for the court to consider when determining if a party is indispensible. Fed. R. Civ. P. 19(b). "The Supreme Court has converted Rule 19(b) analysis into a four factor test to determine whether an action should be dismissed for failure to join indispensable parties. The four 'interests' protected by Rule 19(b) are (1) plaintiff's interest in having a forum, (2) defendant's interest in avoiding multiple litigation, (3) interest of the outsider whom it would have been desirable to join, and (4) interest of the courts and the public in complete, consistent, and efficient settlement of controversies." S&S Machinery Corp. v. General Motors Corp., 1994 WL 529867, *3 (S.D.N.Y. Sept. 28, 1994) (citing Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 103 (1968)).

Plaintiff's claims center around the formation and mismanagement of MMM, an organization allegedly formed by A. Huff and D. Pixler, and in which D. Pixler served as a manager. Plaintiff's Second Amended Complaint states that Pixler served as President of Certified Services, Inc., which allegedly commingled funds with MMM. Plaintiff states she relied on statements made by Danny Pixler, and Danny Pixler made investments in her name. Furthermore, Danny Pixler is included in every claim in the Second Amended Complaint. Due to his alleged involvement in the fraudulent mismanagement of MMM, it appears that complete relief cannot be given to Plaintiff. A necessary party in an action is one that "in the person's absence complete relief cannot be accorded among those already parties." Fed. R. Civ. P. 19(a). "If a person is found to meet one of the criteria set forth in 19(a), the person is to be joined if feasible[.]" Soberay Mach. 181 F.3d at 764. Additionally, as he has filed crossclaims against the other Defendants, he clearly feels that he needs to protect his interest in this controversy. The Court believes that the absence of D. Pixler will "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a)(2)(ii). Therefore, the Court concludes that D. Pixler is a necessary party to this litigation, as the Second

Amended Complaint holds all Defendants jointly liable for the damages.

Next, the Court must determine if Danny Pixler is indispensible under the factors in Rule 19(b). The first factor asks the "extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties." Fed. R. Civ. P. 19(b)(1). D. Pixler was included in the litigation from the beginning and is alleged to be heavily involved the activities giving rise to Plaintiff's Second Amended Complaint. His absence from this litigation has the potential to prejudice D. Pixler himself, since he would not be able to defend his liability. As D. Pixler has filed crossclaims against the Defendants for their actions, the Defendants would be prejudiced by being exposed to multiple litigation as well as the potential of inconsistent obligations.

Next, the Court must look to the "extent to which any prejudice could be lessened or avoided." Fed. R. Civ. P. 19(b)(2). The Court does not know how the prejudice could be lessened or avoided. The claims against D. Pixler and his claims against all others need to be resolved in one suit, not several.

The third factor asks "whether a judgment rendered in the person's absence would be adequate[.]" Fed. R. Civ. P. 19(b)(3). The Court questions whether a judgment against Defendants would be adequate without the presence of D. Pixler. While, "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit," the Court acknowledges the intertwined nature of this case. Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990). And, again, Defendants face the potential of multiple and possibly contradicting judgments.

The last factor asks whether the plaintiff would have an adequate remedy if the action were dismissed. Fed. R. Civ. P. 19(b)(4). This litigation has been going on for some time. Given the time, the Court acknowledges that finding Danny Pixler indispensable will frustrate Plaintiff. However, Plaintiff chose to name a nondiverse party to this suit and any wasted effort here is of her

own doing. She has the ability to find an appropriate venue in order to file her complaint.

Given the prejudice that D. Pixler and Defendants would face due to multiple and possible inconsistent obligations, the Court finds that D. Pixler is an indispensible party. As an indispensible party, the Court may not dismiss him under Rule 21, and thus, cannot correct the jurisdictional defect which has existed since this case was filed. Therfore, Defendants' motion to dismiss must be granted.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants Anthony Huff, Sheri Huff, Michele Brown and Anthony Russo's Motion for Summary Judgment and Motion to Dismiss for Lack of Subject Matter Jurisdiction [DN 147] is **GRANTED.** Defendants' Motion for Clarification of Order [DN 142] is **DENIED** as moot.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

July 5, 2013

cc: counsel of record